in lieu of any other charter provision then in force."

By the first certified question the court inquires if, by virtue of the charter provisions of the city, hereinabove quoted, section 11 of the act became a part of the city charter.

By the second certified question the court inquires if the assessment made against the Scanlan sisters, and their property, is valid.

The second certified question, as put, submits the whole case. An answer to the question would involve the examination of some thirty-six assignments of error contained in the brief filed by the appellants in the Court of Civil Appeals. Under the assignments, assault is made in various respects on the paving proceeding culminating in the assessment in question. For these reasons, no answer is made to said question. 3 Tex. Jur. 310.

With respect to the first certified question, it is contended that the city charter provisions above quoted did not have effect to make section 11 of the act of 1927 a part of the city charter, because the city, being a home-rule city, did not amend its charter after the passage of said act, as provided in section 15 of the act. This contention is sound. The particular provisions of section 15, upon which the contention is based, are those which provide, in effect, that any or all the "powers, terms and provisions" contained in the act may be adopted by any home-rule city by amending its charter for that purpose after the passage of the Act. It would do violence to the express terms of this statute, if the pre-existing charter provisions of the city of Houston, adopted in 1913, were given the effect of an adoption made in pursuance of the provisions of section 15. Besides, if said charter provisions were given that effect, the charter provisions under which the paving proceeding in question was conducted would be thereby rendered unconstitutional in so far as they conflict with valid provisions of this act. Huff v. Wichita Falls, 121 Tex. 281, 48 S.W.(2d) 580. It is not to be inferred that, in adopting said charter provisions in 1913, the people of the city meant the provisions to have this effect.

The first certified question is answered in the negative.

Opinion adopted by the Supreme Court.

## SMITH v. STATE.

### No. 17638.

### Court of Criminal Appeals of Texas.

### Nov. 6, 1935.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft of a horse is the offense; penalty assessed at confinement in the penitentiary for two years.

The state's attorney before this court objects to the consideration of the statement of facts and bills of exception for the reason that they were not filed within the time prescribed by law. The motion for new trial was overruled and notice of appeal given on December 20, 1934. The ninety days from this date allowed for the filing of the bills of exception and statement of facts expired on March 20, 1935. The bills of exception and statement of facts were not filed until March 26, 1935, which was six days beyond the time allowed by law, and therefore cannot be considered by this court. See article 760, subd. 5, C. C. P. 1925; also Tex. Jur., vol. 4, p. 430, § 295.

No error having been perceived or pointed out in the record, the judgment of the trial court is affirmed.